IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Andres Leroy Glenn, | ) | C/A No.: 3:12-1521-CMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Mary Jones; Harry Jones Myres; Jannie Richardson; Sera Bratley; Harold White, Jr.; Myra Richardson; Shantell Simmons; River May Gibes; Larry Majors McKelvey; Bernard Jones; Edither May. | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently located at the Columbia Care Center.[1] Plaintiff brings this matter alleging that some defendants are illegally possessing his land. Pursuant to the provisions of 28 U.S.C. §636(b), and Local Civil Rule 73.02(B)(2)(e)DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint and amended complaint without prejudice and without issuance and service of process.

---

[1] The Columbia Care Center, also known as Geo Care, is a facility in Columbia, South Carolina, that offers correctional and detention management services and medical and mental health rehabilitation services to federal, state and local governmental agencies. *See* http://www.geogroup.com/ (last visited August 3, 2012). It is unclear from the pleading why Plaintiff is living at this facility.

I. Factual and Procedural Background

Plaintiff filed a complaint listing Mary Jones, Harry Jones Myres, Jannie Richardson, and Sera Bratley as defendants. [Entry #1 at 1–2]. Plaintiff stated that he was trying to get his father's land and that "Mary Jones has my property." *Id.* at 2. Plaintiff re-alleges in the complaint's statement of claim section that Mary Jones had possession of the property in question and that Plaintiff seeks both the property and any wages involved. *Id.* at 3. Because Plaintiff submitted a blank, unsigned application to proceed *in forma pauperis*, the undersigned issued an order on June 28, 2012, directing Plaintiff to bring this case into proper form for initial review. [Entry #8].

Plaintiff has complied with the court's order. [Entry #2-2]. Plaintiff has also submitted three letters, which have been liberally construed as an amended complaint. [Entry #12]. Plaintiff's first letter alleges that a neighbor, Harold White, Jr., parked a trailer on Plaintiff's property in 1979. *Id.* Plaintiff seeks monetary damages from defendant White for land damage and property taxes paid by Plaintiff. *Id.* The second letter received from Plaintiff alleges that several individuals are in possession of Plaintiff's property and money. [Entry #12-2]. In addition to the originally-named defendants, Plaintiff's second letter adds the following defendants: Myra Richardson; Shantell Simmons; River May Gibes; Larry Majors McKelvey; and Bernard Jones. Plaintiff's third letter seeks "forty-five acres of land and fifty thousand dollars" from the originally-named defendants and one additional defendant, Edither May. [Entry #12-4].

II.  Discussion

  A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

3

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Plaintiff's complaint and amended complaint are subject to summary dismissal because the court lacks jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain

4

statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). If the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court lacks subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. However, the allegations contained in Plaintiff's complaint and amended complaint do not fall within the scope of either form of this court's limited jurisdiction. First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 nn. 13–16 (1978). The court has no diversity jurisdiction over this case because, according to Plaintiff's pleadings, he and at least one of the defendants are both residents of South Carolina. [Entry #3-1].

Second, the essential allegations contained in the complaint and amended complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not assert that defendants have violated a federal statute or constitutional provision, nor is any type of federal question

jurisdiction otherwise evident from the face of the pleadings. Instead, the complaint and amended complaint allege claims associated with a dispute concerning property ownership, which is a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Killingsworth v. Truluck*, 2010 WL 4638763 at *3 (D.S.C. Sept. 16, 2010) (ownership of personal property is a matter of state law); *see also Faulkenberry v. Norfolk Southern Ry. Co.*, 563 S.E.2d 644 (S.C. 2002). In the absence of either diversity or federal question jurisdiction over Plaintiff's claims, this case should be summarily dismissed.

III.  Conclusion

For the foregoing reasons, it is recommended that the complaint and amended complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 3, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).